UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CASE NO. 5:10-CR-19-KSF

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                                **OPINION & ORDER**

KENNETH J. ROWE                                                       DEFENDANT

\* \* \* \* \* \* \* \* \*

This matter is before the Court upon the Motion of Defendant, Kenneth J. Rowe, *pro se*, to alter or amend this Court's Order denying his motion to compel [DE #80]. In compliance with local practice, this matter was referred to the United States Magistrate Judge. After reviewing *de novo* the Magistrate Judge's Recommended Disposition [DE #86] and Defendant's Objections thereto [DE #97], this Court adopts and incorporates the decision of the Magistrate Judge as the opinion of the Court and denies the motion to alter or amend the Court's Order denying the Defendant's motion to compel.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

On August 3, 2012, Rowe filed a motion to compel his former trial counsel, Hon. Bryce Caldwell, to send Rowe "copies of all documents contained in his case file" [DE #75]. The Defendant then moved to expedite his motion to compel on October 16, 2012 [DE #77]. On December 5, 2012, United States District Judge Jennifer Coffman denied both motions, finding an absence of "sufficient cause" regarding Rowe's requested relief [DE #79].

On December 26, 2012, the Defendant filed a motion pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend the Court's Order denying his motion to compel [DE #80]. As grounds for his motion, Rowe states that he was unaware of any requirement that he assert that he would need his legal material for a "current or upcoming *pro se* proceeding or proceedings with another attorney [*Id.*]. He apologizes to the Court for "failing to predict" this requirement, but states that, had the Court liberally construed his motion to expedite [DE #77] filed in conjunction with his motion to compel, as the Court is required to do with respect to *pro se* motions, it would have been revealed to the Court that Rowe needs his legal materials to file a *pro se* motion pursuant to 28 U.S.C. § 2255 [DE #80]. Rowe further argues that the denial of his motion to compel the production of his file from Mr. Caldwell deprives Rowe of his constitutional right to self-representation [*Id.*]. Thus, should the Court deny Rowe's motion to compel, he requests the appointment of counsel to assist him with his § 2255 motion and, further, that Mr. Caldwell be ordered to supply copies of Rowe's file to the appointed counsel [*Id.*].

Mr. Caldwell filed a response to Rowe's Rule 59 motion, in which he states that, to the best of his memory, he previously forwarded Rowe's case file in its entirety to members of Rowe's family, designated by Rowe [DE #82]. Further, Mr. Caldwell indicates that he had not obtained any new documents regarding Rowe since the case file was initially forwarded [*Id.*]. Rowe replied to Mr. Caldwell's response on January 22, 2013, stating that "[n]either Mr. Rowe, nor his family have ever received copies of Mr. Rowe's file from Mr. Caldwell, or any other person." [DE #85]. Rowe also attached a letter from his son and wife stating that neither had received a file or any other documents from Mr. Caldwell [*Id.*]. Rowe further requests the tolling of the time "that Mr. Caldwell has wasted by requiring him to resort to requesting assistance from this Honorable Court" [*Id.*].

This matter was referred to Magistrate Judge Robert E. Wier, pursuant to 28 U.S.C. § 636(b)(1)(A), who issued his report and recommendation that Rowe's motion be denied on January 30, 2013 [DE #86]. As noted by the Magistrate Judge, Rule 59(e) is not applicable in a criminal proceeding, as the Federal Rules of Criminal Procedure make no mention of altering or amending finalized judgments. Nevertheless, "courts adjudicating [motions to reconsider] in criminal cases typically evaluate such motions under the same standards applicable to a civil motion to alter or amend judgment pursuant to Fed. R Civ. P. 59(e)." *United States v. Canal Bridge Co., Inc.*, No. 4:07-CR-12-JHM, at *1 (W.D. Ky. Mar. 4, 2009)(collecting cases). A motion pursuant to Rule 59(e) may be granted if there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). Rule 59(e), however, cannot be used to "re-argue a case" or "present new arguments that could have been raised prior to judgment." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). Applying these standards, the Magistrate Judge first found that Rowe presents nothing to meet this burden. [DE #86]. Rather, "he simply desires the Court to change its mind, a position wholly inadequate under the applicable standard." [*Id.*].

Regardless, the Magistrate Judge continued to consider the merits of Rowe's claims. The Magistrate Judge first considered Rowe's request that the Court alter and amend its Order and direct Mr. Caldwell to forward Rowe a copy of his case file. With respect to this request, the Magistrate Judge concluded that there is no basis for jurisdiction over Mr. Caldwell, as Mr. Caldwell is no longer Rowe's counsel and is not before the Court at this time.[1] Moreover, to the extent that the

---

[1] Although no order expressly granting Mr. Caldwell permission to withdraw was entered by this Court, on appeal, the Sixth Circuit appointed counsel to succeed Mr. Caldwell, stating in the appointment letter to Rowe's appellate counsel that Mr. Caldwell "has been granted leave to

Court has inherent supervisory powers over matters of this sort, the Magistrate Judge declined to exercise such powers. Without jurisdiction over Mr. Caldwell, the Magistrate Judge found that Rowe's request must be denied. Rather, the Magistrate Judge found that Rowe must pursue his request directly from Mr. Caldwell, who, as noted by the Magistrate Judge, is obligated to comply with Kentucky Supreme Court Rule 3.130(1.6)(d) which requires him to return the client's file, papers, and property after termination upon request.

Secondly, the Magistrate Judge considered Rowe's request for appointment of counsel to assist him with the filing of a motion pursuant to 28 U.S.C. § 2255. Applying the United States Supreme Court's holding in *Pennsylvania v. Finley*, 107 S. Ct. 1990, 1993 (1987), the Magistrate Judge concluded that Rowe does not have a general right to appointment of counsel in the prosecution of a § 2255 motion. The Magistrate Judge then addressed Rowe's request that the Court toll the statute of limitations for the filing of a § 2255 motion, concluding that "[t]here is no basis for Rowe's open-ended and prospective tolling request, especially in this context" [DE #86]. For all of these reasons, the Magistrate Judge recommended that Rowe's motion to alter or amend the Court's order denying Rowe's motion to compel be denied.

## II.     ANALYSIS

On February 12, 2013, Rowe filed objections to the Magistrate Judge's recommendations [DE #87]. Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court must conduct a *de novo* review of the portions of the Magistrate Judge's Recommended Disposition to which objections have been made.

---

withdraw from further representation and your appointment to succeed prior counsel is made pursuant to the terms of the [Criminal Justice] Act" [DE #65]. In accordance with this appointment, Rowe was represented by new counsel on appeal. In addition, Rowe's criminal matter is closed. For these reasons, the Magistrate Judge correctly concluded that "[p]lainly, Mr. Caldwell is Defendant's former counsel, and is not before the Court at this time" [DE #86].

4

Here, the Court agrees with the Magistrate Judge that Rowe failed to meet his burden under Rule 59(e) to set forth any reason that would justify reconsideration of the Court's prior order. Thus, denial of Rowe's motion is warranted for this reason alone. However, even considering the merits of Rowe's motion, the Court also agrees with the Magistrate Judge's findings that the Court does not have jurisdiction over Rowe's former counsel, Rowe does not have a general right to appointment of counsel in the prosecution of a § 2255 motion, and that there is no basis for Rowe's open-ended and prospective request to toll the statute of limitations for the filing of a § 2255 motion. Thus, for the reasons set forth more fully by the Magistrate Judge in his Recommended Disposition, Rowe's motion to alter or amend must fail.

Moreover, Rowe's objections to the Magistrate Judge's Recommended Disposition are unavailing. In his objections, Rowe first addresses the Magistrate Judge's conclusion that the Court does not have jurisdiction over Mr. Caldwell. Rowe states that he has found four cases in which district courts have exercised "such a jurisdiction over trial counselors," citing *United States v. Redding*, 2011 U.S. Dist. LEXIS 56388 (E.D. Mich. May 25, 2011); *United States v. Hsu, et al.*, Case No. 05-00355 (D. N.J. July 28, 2011); *United States v. Vinton*, 2007 U.S. Dist. LEXIS 60102 (N.D. Iowa Aug. 16, 2007); *United States v. Kahlenbeck*, Case No. 07-03113 (W.D. Mo. Dec. 18, 2008). However, while these cases involve situations where courts have instructed attorneys to deliver a defendant's "case file" to the defendant, none address the Court's authority to assert jurisdiction over a defendant's former trial counsel.

Next, Rowe attempts to characterize his filings to acquire his case file from Caldwell as "civil actions arising under the Constitution," over which the District Courts are granted original jurisdiction under 28 U.S.C. § 1331. However, Rowe has not filed a civil action against Mr.

5

Caldwell. Moreover, nothing in 28 U.S.C. § 1331 grants the Court jurisdiction over former counsel who is no longer before this Court. To be clear, Mr. Caldwell is not a party to this proceeding. He no longer represents Rowe and Rowe was represented by new counsel on appeal. Although Mr. Caldwell may still have ethical obligations regarding Rowe's file arising under Kentucky's legal ethics rules, this Court is without jurisdiction to compel Mr. Caldwell to produce Rowe's case file to Rowe and to otherwise comply with any outstanding ethical obligations he may have with respect to Rowe.

Rowe's attempt to rely on 28 U.S.C. § 1361 as a source of jurisdiction is similarly unavailing. Section 1361 grants district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Again, no action in the nature of mandamus has been filed against Mr. Caldwell. More importantly, Mr. Caldwell is not an officer or employee of the United States or any agency thereof. "Courts have unanimously held that § 1361 does not provide a basis for subject matter jurisdiction against private persons." *District 2, Marine Engineers Beneficial Ass'n, Associated Maritime Officers, AFL-CIO v. Adams*, 447 F.Supp. 72, 75 (D.C. Ohio 1977). While Mr. Caldwell may be an "officer of the Court" in the colloquial sense, he is not an "officer of the United States" for purposes of this statute.

Next, Rowe addresses the Magistrate Judge's finding that Rowe does not have a general right to appointment of counsel in the prosecution of his § 2255 motion. Rowe first argues that the Magistrate Judge's recommendation is improper because, under 28 U.S.C. § 2255(g), the Court "may appoint counsel" in all proceedings brought under § 2255. However, Rowe fails to recognize the

6

statutory language of § 2255 is discretionary. Although the Court "may appoint counsel," it certainly is not required to do so by statute.

Rowe further misconstrues the United State Supreme Court's holding in *Finley*, arguing that *Finley* stands only for the proposition that the Sixth Amendment's guarantee of effective assistance of counsel does not carry over to the assistance of counsel in collateral attack proceedings, but that the case does not provide that a "post-conviction collateral proceeding filer has no general right to appointed counsel." This ignores the following clear language of *Finley*:

> We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions, *see Johnson v. Avery*, 393 U.S. 483, 488, 89 S.Ct. 747, 750, 21 L.Ed.2d 718 (1969), and we decline to so hold today. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further. Thus, we have rejected suggestions that we establish a right to counsel on discretionary appeals. *Wainwright v. Torna*, 455 U.S. 586, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982); *Ross v. Moffitt*, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). We think that since a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, a fortiori, he has no such right when attacking a conviction that has long since become final upon exhaustion of the appellate process. See *Boyd v. Dutton*, 405 U.S. 1, 7, n. 2, 92 S.Ct. 759, 762, n. 2, 30 L.Ed.2d 755 (1972) (POWELL, J., dissenting).

*Finley*, 481 U.S. at 555. Thus, contrary to Rowe's argument, *Finley* clearly holds that a defendant does not have a federal constitutional right to counsel in mounting a collateral attack upon his conviction. Accordingly, Rowe is not entitled to the appointment of counsel to assist him in filing a motion pursuant to 28 U.S.C. §2255.

Finally, with respect to Rowe's request that the period of limitation for filing his § 2255 motion be tolled, Rowe states that he agrees with the Magistrate Judge's conclusion that he may not request tolling prospectively. Thus, there is no need for the Court to address this issue further at this time.

For all of the foregoing reasons, the Court finds that Rowe's objections to the Magistrate Judge's Recommended Disposition are without merit. Thus, after having considered Rowe's objections, which the Court finds to be without merit, and having made a *de novo* determination, the Court is in agreement with the Magistrate Judge's Recommended Disposition. Accordingly, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that:

(1) the Magistrate Judge's Recommended Disposition [DE #86] is **ADOPTED** as and for the opinion of the Court;

(2) the Defendant's objections to the Magistrate Judge's Recommended Disposition [DE #87] are **OVERRULED**; and

(3) Defendant's motion to alter or amend this Court's Order denying his motion to compel [DE #80] is **DENIED**.

This June 24, 2013.

**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**